1  Edward F. O'Connor (SBN 123398)
2  efo@eclipsegrp.com
   **THE ECLIPSE GROUP LLP**
3  550 West C Street, Suite 2040
4  San Diego, California  92101
   Tel:   619.239.4340
5  Fax:   619.239.0116

6
7  Vicki E. Farrar (147595)
   vfarrar@cathconn.com
8  2455 E. Parleys Way, Suite 150
   Salt Lake City, UT 84109
9  Telephone: (435) 729-9397

10
11 Attorneys for Plaintiffs
   **CATHETER CONNECTIONS, INC.**
12 **CLINICAL TECHNOLOGY, INC.**

13

14
15         **UNITED STATES DISTRICT COURT**

16     **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

17 _____    ) Case No:  **'14 CV 2208 BAS RBB**
18                              )
   CATHETER  CONNECTIONS,  INC., )  **COMPLAINT FOR**
19 a Delaware corporation,      )  **DECLARATORY JUDGMENT**
                                )
20 CLINICAL TECHNOLOGY, INC., an )
   Ohio corporation             )
21                              )  **JURY TRIAL DEMANDED**
            Plaintiffs,         )
22                              )
                                )
23          v.                  )
                                )
24 IVERA  MEDICAL  CORPORATION, )
   a California corporation,    )
25                              )
            Defendant.          )
26 _____    )

27

28
                              -1-
                   COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Catheter Connections, Inc. ("Catheter Connections") and Clinical Technology, Inc. ("CTI") by their undersigned attorneys, as and for their complaint against defendant Ivera Medical Corporation ("Ivera"), says:

## PARTIES AND JURISDICTION

1.     Plaintiff Catheter Connections is a Delaware corporation with its principal place of business at 2455 E. Parleys Way, Suite 150, Salt Lake City, Utah 84109.

2.     Plaintiff CTI is an Ohio corporation with its principal place of business at 7005 South Edgerton Road, Brecksville, Ohio 44141.

3.     Catheter Connections, co-founded by nurses, is a medical device manufacturer that develops and commercializes innovative vascular access products designed to protect patients from acquiring infections during intravenous infusion therapy. Its DualCap System™ is a family of user-friendly products that provides healthcare facilities with a cost-effective, integrated solution for IV disinfection and protection, helping in the fight against IV catheter-related blood stream infections. Designed by nurses for nurses, DualCap® safely disinfects both IV tubing end connectors and IV catheter luer access valves.   Additional information about the DualCap System™ and Catheter Connections is available at www.catheterconnections.com.

4.     Plaintiff CTI is a distributor of the DualCap System™.

5.     Defendant Ivera is a California corporation that has alleged its principal place of business is at 3525 Del Mar Heights Road, Suite 430, San Diego, California 92130.

6.     Defendant Ivera sells a disinfectant cap, known as the Curos® Disinfecting Port Protector, in competition with Catheter Connections' DualCap® disinfectant cap products for luer access valves ("LAV caps").

COMPLAINT FOR DECLARATORY JUDGMENT

7.     Defendant Ivera is the owner of United States Patent No. 8,834,650 (the "'650 patent").  Entitled "Medical Implement Cleaning Device," the '650 patent issued on September 16, 2014.

8.     Plaintiffs bring this action under the Declaratory Judgments Act, 28 U.S.C. § 2201, to obtain a judicial declaration that the '650 patent is invalid and that Catheter Connections and CTI do not infringe the '650 patent.

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE CONTROVERSY

10.     Catheter Connections introduced its first DualCap product in 2011—a disinfectant cap device comprised of two caps, a LAV cap and a male luer cap.  In the spring of 2012, Catheter Connections introduced DualCap Solo™—a separate LAV cap. Since then, defendant Ivera has asserted a total of four patents in four separate infringement actions in California against Catheter Connections.   *See*  3:12-cv-00954-H-JMA;  3:12-cv-01587-H-JMA;  3:13-cv-2452-W-RBB; and 3:14-cv-01346-H-RBB.[1]

---

[1]   Ivera filed its first action against Catheter Connections (3:12-cv-00954-H-JMA, S.D. Cal.) alleging infringement of United States Patent Nos. 7,780,794 ('794 Patent) and 7,985,302 ('302 Patent) on April 18, 2012, just two days after the USPTO mailed a Notice of Intent to Issue Ex Parte Reexamination Certificate on the '794 Patent. (See Reexamination Control No. 90/009,951). On April 18, 2012, Ivera's lawsuits against Hospira, Inc. and Excelsior Medical Corp. on these same patents was stayed until *January 19, 2013*. (See *Ivera vs. Excelsior*, Case No. 3:11-cv-01115, S.D. Cal. (Dkt. 29); *Ivera v Hospira*, Case No. 3:11-cv-01246, S.D. Cal. (Dkt. 61)). Ivera's second suit against Catheter Connections (3:12-cv-01587 – H – JMA, S.D. Cal.) was filed on June 26, 2012 <u>after hours before the Court opened on the same day that United States Patent No. 8,206,514 issued</u> for which it alleged infringement. Ivera also sued Excelsior and Hospira at the same time. Ivera filed a third suit against Catheter Connections on October 10, 2013 (3:13-cv-2452-W-RBB, S.D. Cal.), for alleged false advertising, within days of Ivera getting on a Federal Supply

11.   Ivera then proceeded on a campaign to intimidate Catheter Connections' distributors by suing them years after it had sued Catheter Connections for alleged infringement of the same patents.[2]

12.   Ivera has an established pattern and practice of suing its competitors on the same day any patent issues in which it has any interest. Since Ivera's inception, it has filed 20 lawsuits against is competitors, the vast majority of which allege patent infringement.  Upon information and belief, Ivera has, upon the issuance of every new patent addressed to LAV caps to which it has rights, initiated patent infringement actions against the other manufacturers of LAV caps at the earliest possible moment it can legally do so.

13.   Ivera's CEO affirmed Ivera's intent to assert the '650 patent against Catheter Connections in a press release of May 1, 2014, announcing a summary judgment decision invalidating all the patents Ivera had asserted against Catheter Connections in three of the California actions:

> "We are disappointed in the Court's decision and are evaluating our options . . ." said Bob Rogers, CEO of Ivera Medical.  "***Our strategy regarding intellectual property has always been to build a robust portfolio, so that an adverse ruling in one case does not impact the broader strategy***. . . ."

> (See Exhibit A)  (emphasis added.)

_____

Contract over which it was suing.

[2] See *Ivera Medical Corp. v. New England Medical Specialties, Inc*., Case No. 3:13-cv-02063, (S.D. of Cal., filed May 13, 2013 in Connecticut and transferred to San Diego on August 20, 2013);   *Ivera Medical Corp. v. The Bimeco Group, Inc*., Case No. 3:13-cv-1763, (S.D. of Cal., filed May 23, 2013 in Georgia and transferred to San Diego on July 29, 2013); *Ivera Medical Corp. v. New Alliance of Independent Medical Distributors, Inc. d/b/a Alliance Medical and Amtec Medical, Inc*., Case No. 13CV2607 BTM WMC (S.D. of Cal, filed October 29, 2013, initially filed May 10, 2013 in W.D. of Tex and dismissed October 30, 2013).

-4-

COMPLAINT FOR DECLARATORY JUDGMENT

Defendant Ivera's initiation of the California actions against Catheter Connections and several of its distributors for infringement of patents that allegedly cover Catheter Connections LAV caps, coupled with the pronouncement of Ivera's CEO that Ivera's strategy of building a patent "so that an adverse ruling in one case does not impact the broader strategy" demonstrates that a substantial dispute exists between the parties over Catheter Connections' and CTI's right to sell DualCap LAV cap products free of any infringement claims under the '650 patent.

14.    An definite and concrete, real and substantial, justiciable case or controversy therefore exists between Catheter Connections, CTI and Ivera concerning, *inter alia*, the invalidity and non-infringement of the '650 patent which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**FIRST COUNT**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '650 PATENT**

15.    Plaintiffs repeat the allegations of paragraphs 1 through 14 as if fully set forth here.

16.    The '650 patent is invalid under one or more provisions of the patent law of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

17.    Accordingly, Catheter Connections and CTI seek a judgment declaring that the claims of the '650 patent are invalid, void and of no legal consequence.

**SECOND COUNT**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '650 PATENT**

18.    Plaintiffs repeat the allegations of paragraphs 1 through 17 as if fully set forth here.

-5-
COMPLAINT FOR DECLARATORY JUDGMENT

19.     Catheter Connections and CTI have not infringed and do not infringe, directly or indirectly, any valid claim of the '650 patent, and have not contributed to or induced and do not contribute to or induce infringement of the '650 patent.

20.     Accordingly, Catheter Connections and CTI seek judgment declaring that they do not infringe and have not infringed, directly or indirectly, contributorily or by inducement, any valid claim of the '650 patent.

WHEREFORE, plaintiffs Catheter Connections, Inc. and Clinical Technology, Inc. requests judgment in its favor and against defendant Ivera Medical Corporation, as follows:

a.      Declaring that the '650 patent is invalid;

b.      Declaring that Catheter Connections and CTI have not infringed and do not infringe the '650 patent and have not contributed to or induced and do not contribute to or induce infringement of the '650 patent;

c.      Awarding to Catheter Connections and CTI attorneys' fees under 35 U.S.C. § 285 and costs of suit; and

d.      Awarding such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY

Plaintiffs demand a jury trial for all issues so triable.

///

COMPLAINT FOR DECLARATORY JUDGMENT

1   Respectfully submitted,

2   Dated:  September 16, 2014                    THE ECLIPSE GROUP LLP

3

4                                                /s/ Edward F. O'Connor
                                                 Edward F. O'Connor
5

6                                                *Attorneys for Defendants*
                                                 **CATHETER CONNECTIONS,
7                                                INC. and
                                                 CLINICAL TECHNOLOGY, INC.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT

# Exhibit A



## Curos
### Disinfecting Port Protectors

# Ivera Medical Announces Patent Decision from San Diego Court

May 1, 2014 / in Intellectual Property/Legal

Ivera Medical Corporation, headquartered in San Diego, CA, announced that the United States District Court for the Southern District of California has rendered summary judgment against some Ivera patents, in motions filed by Excelsior Medical, Hospira, and Catheter Connections. The case involves U.S. Patent Nos. 7,780,794 ("the '794 patent"), 7,985,302 ("the '302 patent"), and 8,206,514 ("the '514 patent").

"We are disappointed in the Court's decision and are evaluating our options, including an appeal of this decision, and note that these patents continue through an inter partes review process within the US Patent and Trademark office" said Bob Rogers, CEO of Ivera Medical. "Our strategy regarding intellectual property has always been to build a robust portfolio, so that an adverse ruling in one case does not impact the broader strategy. Indeed, Ivera continues to be very pleased with our progress in a Florida court patent infringement case, and the impending issuance of what will be the seminal patent in this space, for which we have an exclusive license. Further it is important to note that Ivera has freedom to operate with our Curos® Port Protectors."

Curos products employ passive disinfection to disinfect intravenous devices eliminating the technique variation found in manual procedures. With two disinfecting port protector options—Curos Strips and individual Curos—nurses can conveniently comply with valve disinfection protocols by simply peeling the foil seal from the distinctive green cap and twisting Curos onto the top of any luer-activated IV access port or needleless valve. Inside Curos, a 70% isopropyl alcohol (IPA) saturated sponge-like foam bathes the surface of the venous access device to provide consistent and reliable disinfection of the port surface in three minutes. Once in place, Curos maintains a clean port for up to seven days, if not removed. Extending passive disinfection and protection to male-luer connectors, Curos Tips improve disinfection compliance with IV tubing connectors and needleless syringes by immersing the exterior of the male luer in alcohol. Curos Tips come in a convenient strip dispenser that places five disinfecting Tips in easy reach of clinicians at the point of care. The cap's highly visible bright green color allows auditors to monitor caregiver disinfection practice compliance at a glance.

### About Ivera Medical

Ivera Medical Corporation, a certified Minority Business Enterprise (MBE), is focused on the design, development, manufacture, marketing and sale of products that help healthcare providers reduce facility-acquired patient infections. Curos, manufactured in Carlsbad, CA, is the first disinfecting cap to be marketed in the U.S. and has received FDA's 510(k) market clearance. For more information about Curos and Ivera Medical, visit the website at www.curos.com

### Sidebar

**Contact Us**

**GPO Contracts**
- Novation
- Premier
- Premier ASCEND
- MedAssets/Broadlane
- Health Trust
- FSS
- DAPA

**The Latest**
- Venture backed Catheter Connections continues to make false statements, according to Ivera Medical
- Second Independent Lab study demonstrates Catheter Connections' DualCap Product Fails to Disinfect, Announces Ivera Medical
- Catheter Connections' DualCap Product Fails to Disinfect in Independent Study

More...



**Events**

**IDN Summit – Fall**
September 22, 2014 - September 24, 2014

**ANCC Magnet Meeting**
October 8, 2014 - October 14, 2014

**SHEA/ID Week**
October 8, 2014 - October 12, 2014

See All Events

**FAQs**

Review the frequently asked questions related to Curos design, use and purchasing.

## Ivera Medical Corporation

10805 Rancho Bernardo Road, Suite 100
San Diego, CA 92127
info@curos.com

tel: (888) 497-3884
fax: (858) 228-1770

**Join Us On:**



© Copyright 2014 Ivera Medical. All Rights Reserved. Curos® is a registered trademark of Ivera Medical Corporation.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Catheter Connections, Inc., a Delaware corporation, and Clinical Technology, Inc., an Ohio corporation | Ivera Medical Corporation, a California Corporation |

**(b)** County of Residence of First Listed Plaintiff    Salt Lake City
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
THE ECLIPSE GROUP LLP, 550 West C Street, Suite 2040, San Diego, California 92101. 619.239.4340

Attorneys *(If Known)*

'14CV2208 BAS RBB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☒ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government
     Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201, et seq.
Brief description of cause:
Declaratory Judgment of Patent Invalidity and Non-Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Marilyn L. Huff     DOCKET NUMBER   12-cv-954; 12-cv-1587

DATE   09/16/2014

SIGNATURE OF ATTORNEY OF RECORD   /s Edward F. O'Connor

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.